### DELLER v. STATEN ISLAND ATHLETIC CLUB.

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

CORPORATIONS—CONTRACTS—OFFICERS AND AGENTS.

> Where the board of management of defendant club was authorized by the by-laws to make all necessary contracts and regulations, and the officers of the club, acting under a resolution of the board of management, contracted to lease the club-house to plaintiff, who agreed to maintain a restaurant for the exclusive use of the members and their guests, subject to the approval of the house committee, plaintiff may recover for refreshments furnished to guests of the club at the request of members of the house committee.

Appeal from Richmond county court.

Action by George H. Deller against the Staten Island Athletic Club, a corporation, to recover moneys expended for defendant's benefit. There was judgment for plaintiff, and defendant appeals. For report on a former appeal, see 4 N. Y. Supp. 311.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George M. Mackellar,* for appellant.  *W. J. Powers,* for respondent.

BARNARD, P. J.  The defendant hired its club-house to the plaintiff for a fixed rent. The personal property in the house was included in the lease. The plaintiff was bound to maintain a restaurant for the exclusive use of the members, and guests of such members, to be open at such time as may be designated by its house committee. The prices for the food furnished, and its quality, was to be subject to the approval of this committee. The agreement was in writing, and was executed by the officers of the club under a resolution authorizing the same, made by the board of management. By article 4 of the by-laws the board of management was authorized to make all contracts and purchases, and to make all needed regulations, for the success of the club. There is therefore no conflict between the agreement with the plaintiff, and the power of the manager to make the same. The manager could act through the house committee, so far as respects the management of the club-house. The proof then shows that the plaintiff expended, at the request of the house committee, for cots, expressage, and house cleaning. He made an agreement with the same committee to supply the defendant's base-ball men with refreshments, up to 60 cents per man, on certain days. He also supplied dinners to the Young America Base-Ball Club of Philadelphia to the amount of $79.10, at the request of the chairman and another member of the house committee. The defendant produced evidence tending to deny all authority to give refreshments to either the defendant's ball nine at the expense of the club, or to the ball nine of Philadelphia. The jury found in favor of the plaintiff upon the issue of fact. There were undisputed items of plaintiff's claim, besides the disputed items, and there was a counter-claim on the part of defendant, as to which nothing is disclosed besides its amount. The charge of the judge was to the effect that if the disputed items were

given, and the defendant's counter-claim was allowed, the verdict would be for the plaintiff for $92.11, and that was the verdict. The judgment of the county court should therefore be affirmed, with costs.